**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| August Jeremy Hoenack, | No. CV-22-01903-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Litchfield Elementary School District No. 79, | |
| Defendant. | |

At issue is Plaintiff August Jeremy Hoenack's Motion for Injunction (Doc. 12, "Mot."), to which Defendant Litchfield Elementary School District Number 79 ("the District" or "LSED") filed a Response in opposition (Doc. 15, "Resp."), and Plaintiff filed a Reply in support (Doc. 18). The Court has reviewed the briefing and evidence submitted by the parties and finds this matter appropriate for disposition without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff is an elected member of the District's Governing Board ("the Board"). (Doc. 1-4, Compl. ¶ 26.) He filed this action against the District in Maricopa County Superior Court on August 15, 2022.[1] (Doc. 1, Notice of Removal.) The District removed the case to this Court on November 7, 2022. Plaintiff is proceeding *pro se* in this matter.

Plaintiff alleges that during a series of meetings in 2021 and 2022, members of the

---

[1] Plaintiff initially named as defendants other Board members, the District superintendent, and an attorney for the District, but voluntarily dismissed these individual defendants on October 17, 2022. (Doc. 1-6, Plaintiff's Voluntary Notice of Dismissal.)

Board violated Arizona's Open Meeting Law, A.R.S. § 38-431.01 *et seq.*, by taking various actions that prohibited Plaintiff from discussing items on, or reasonably related to items on, the meeting agendas. (Compl. ¶¶ 2–23.) Plaintiff alleges that the Board members took these actions in order "to stifle all opposition speech," including Plaintiff's efforts to reveal that the District "uses its resources to indoctrinate [children] with glittery socialist fads that are attractive to mis-guided superintendent and board, . . . all of which are different flavors of CRT [critical race theory]." (Compl. ¶¶ 14, 27.) Plaintiff raises several claims for relief: a claim under Arizona's Open Meeting Law, the First Amendment to the United States Constitution, and Article 2, Section 6 of the Arizona Constitution; a claim for defamation with malice; a claim for intentional infliction of emotional distress; and a claim for false light invasion of privacy. (Compl. ¶¶ 201–51.)

On November 22, 2022, Plaintiff filed the instant Motion for Injunction pursuant to Federal Rule of Civil Procedure 65(a), 42 U.S.C. § 1983, and the First Amendment. Plaintiff explains that his Motion is "about separate issues that occurred on later dates, but are related to my Complaint," which he incorporated into his Motion by reference. (Mot. at 2.) Plaintiff requests "an injunction to remove 'a materially adverse action capable of deterring [Plaintiff] from exercising his own right to speak'"—namely, a restriction that requires Plaintiff to attend meetings of the Board via Zoom. (*Id*. at 2, 14.)

The Zoom-only restriction arose as a result of an application for an Injunction Against Harassment ("the Injunction") filed against Plaintiff by Board President Kimberly Moran. In the application, Ms. Moran stated that on two occasions in early 2022, Plaintiff "yelled and screamed at me in a threatening manner," which "left me shaken and fearful for my personal safety." (Doc. 12-1 at 12.) On March 21, 2022, the Hassayampa Justice Court granted the application and ordered that "Defendant shall have no contact with [Ms. Moran] except through attorneys, legal process, court hearings" and "email to board email address ONLY for school board related issues ONLY. Zoom/remote sessions for School Board related meetings, study session ect. [sic]. No other times." (Doc. 12-1 at 9.) After an evidentiary hearing, the Justice Court found that Plaintiff had committed a series of acts

comprising harassment under A.R.S. § 12-1809(T)(1)(a) and kept the Injunction in place. (Doc. 15-1 at 82:1–84:5.) On December 30, 2022, the Maricopa County Superior Court affirmed the Injunction. (Doc. 21-1.)

The District was not a party to the proceeding in the Justice Court. However, to allow Plaintiff to participate in Board meetings while complying with the Injunction, the District "made arrangements for Plaintiff to participate in Board meetings and study sessions by Zoom." (Resp. at 3.) Plaintiff concedes that the District was not "officially" involved in imposing the Zoom-only restriction, but contends that the District failed to adopt his preferred alternative of requiring all Board members to attend meetings via Zoom. (*E.g.*, Reply at 1–2.) Plaintiff has submitted evidence of technical problems that have occurred during Board meetings. (*See* Doc. 12-1, Doc. 18-1, Doc. 22.) The District concedes that technical problems have occurred, but points out that Plaintiff's evidence shows the District has been implementing or attempting to implement measures to address these problems. (*See, e.g.*, Doc. 12-1 at 19–20, 25, 28.) For example, an email exchange shows that the District offered Plaintiff a separate space onsite for Board-meeting participation. (Doc. 12-1 at 28.) Plaintiff refused, suggesting "each and every Board member to be on Zoom in their own little hidey-hole." (Doc. 12-1 at 28–29.) In a subsequent email exchange, Plaintiff again rejected an offer from Ms. Moran to utilize on-site space. (Doc. 18-1 at 18.) In his response, Plaintiff called Ms. Moran's statement that Plaintiff's "home setup continues to have issues" a "bald-faced lie" from "LESD's perjurer in chief." (Doc. 18-1 at 18.) Plaintiff filed a declaration documenting technical problems during a meeting on January 10, 2023, which prevented Plaintiff from voting on a motion despite apparent efforts to rectify the problems. (Doc. 22.)

In his Motion, Plaintiff requests that the Court enter an injunction ordering that:

1. Kimberly Moran's Injunction Against Harassment CC2022044339 violates Plaintiff's First Amendment Rights and is therefore null and void.

2. Justice Courts do not have jurisdiction over verbal disputes between legislators during legislative meetings, to prevent future harassment

- 3 -

        claims.

3. Litchfield Elementary School District must have security at all board meetings.

4. Litchfield Elementary School District must have a trained and competent sound technician at all board meetings.

5. Litchfield Elementary School District pay Plaintiff damages in the sum of $16,094,318.12 or other amount the court deems just, for harm to his business, calculated from the total of actual net losses of future value of income from [his] business based on 2021 income, from liquidation and moving, and to prevent the virtual certainty of future injury to his business.

6. Litchfield Elementary School District pay Plaintiff punitive damages in the sum of $48,282,954.36, or other amount the court deems just which is three times, or a multiple the court deems just, of business losses, to deter the virtual certainty of school districts from violating board members constitutional rights to free speech in the future.

7. Litchfield Elementary School District pay Plaintiff damages in the sum of $6,000,000.00 or what the court deems just, for damages to reputation at large, in the local community, among parents and stakeholders in the school district, standing on the school board, severe emotional distress, sleep deprivation, anxiety, personal humiliation, public humiliation, mental anguish and suffering, ill physical and emotional health, any sense of safety, or feeling that he can ever have home in his community, and costs of moving, and cost of starting a new life elsewhere, and substantial punitive damages for them to prevent the virtual certainty of future injury to him and members of the public who have hopes of getting a true education for their children.

(Mot. at 14–15.) The District opposes Plaintiff's requested relief. (Resp. at 12.)

## II.    LEGAL STANDARD

"A preliminary injunction is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain preliminary injunctive relief, a plaintiff must show: (1)

he is "likely to succeed on the merits"; (2) he is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Ninth Circuit also has stated that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011)), *cert. denied*, 573 U.S. 947 (2014).

### III.   ANALYSIS

Defendant argues that Plaintiff is not likely to succeed on the merits of his First Amendment claim against the District. (Resp. at 5–11.) The Court agrees. As the District notes, the District did not take any action limiting Plaintiff's participation in Board meetings to Zoom. That action was taken by the Justice Court, in a proceeding to which the District was not a party. (Resp. at 6–7.) Plaintiff does not dispute this, but nonetheless contends that the District is "obligated to remove the constitutional obstacles defined by *Houston Community College System v. Wilson*, whether or not LESD was officially involved in causing [Plaintiff's] limitation." (Reply at 2.) *Wilson* does not support Plaintiff's claim. In *Wilson*, a member of the board of a community-college district raised a claim that the board took retaliatory actions against him—namely, a verbal censure—for his engaging in protected speech. 142 S. Ct. 1253, 1259 (2022). The Supreme Court noted that a plaintiff pursuing a First Amendment retaliation claim must show "that the government took an 'adverse action' in response to his speech that 'would not have been taken absent the retaliatory motive.'" *Id*. at 1260 (quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019)). The Supreme Court held that the board's verbal censure of the plaintiff did not amount to a material adverse action giving rise to an actionable First Amendment claim against the board. *Id*. at 1261–64.

Here, Plaintiff has not shown that the District took any material adverse action

against him with respect to the Zoom-only restriction imposed by the Justice Court, let alone an action that "would not have been taken absent the retaliatory motive." *Wilson*, 142 S. Ct. at 1260. Plaintiff points to the District's *inaction* on his alternative proposal that all Board members participate in meetings via Zoom (Reply at 2), but he provides no authority or persuasive argument that the District's failure to adopt his preferred response to the Injunction violates the First Amendment. To be sure, it is proper that the District take reasonable efforts to ensure that Plaintiff can fully participate in Board meetings, including voting. But Plaintiff does not provide authority or persuasive argument that the technical problems with Zoom give rise to an actionable First Amendment claim. The Court does not doubt the sincerity of Plaintiff's frustrations with participating on Zoom, but Plaintiff has not shown that the District violated his First Amendment rights.[2]

Moreover, to the extent Plaintiff requests that the Court declare that the Injunction is "null and void" and that the Justice Court lacked jurisdiction to impose it, and order that security be in place at Board meetings to allow Plaintiff's in-person presence, Plaintiff's claim amounts to a *de facto* appeal of a state-court judgment that is barred by the *Rooker-Feldman* doctrine. *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (recognizing that the doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *Dist. of Colum. Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–02 (9th Cir. 2003) (holding that *Rooker-Feldman* applies if the relief sought would necessarily undo a state-court judgment); *Doe v. Mann*, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005) ("*Rooker-Feldman* applies when the plaintiff in federal court claims that the state

---

[2] In his Reply, Plaintiff argues for the first time that the Injunction proceeding—including the evidentiary hearing held in the Justice Court at Plaintiff's request—constituted a "meeting" of the Board within the meaning of A.R.S. § 38-431 because the proceeding involved a quorum of Board members (excluding Plaintiff) and because these Board members colluded to commit perjury against him. (Reply at 2–3.) Plaintiff further argues that the District is taking action against him by "deliberatively screwing up Zoom." (*Id.* at 5–6.) These contentions are not supported by the evidence.

court did not have jurisdiction to render a judgment.").[3] To the extent Plaintiff requests that the Court order a sound technician to be present at Board meetings, the request is moot because Plaintiff's evidence shows the District already has sound technicians present. (*See, e.g.*, Doc. 12-1 at 25, 28; Doc. 18-1 at 18.) To the extent Plaintiff requests monetary relief, he fails to show that he will be irreparably harmed by proceeding through the regular course of litigation, in which alleged injuries may be compensable with monetary damages. *See Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) ("Preliminary injunctive relief is available only if plaintiffs demonstrate that irreparable injury is likely in the absence of an injunction.").

In sum, Plaintiff has shown neither a likelihood of success on the merits, *Garcia*, 786 F.3d at 740, nor "serious questions going to the merits." *Jewell*, 747 F.3d at 1085. Plaintiff therefore has not met his burden to show that he is entitled to a preliminary injunction, and the Court need not discuss the remaining *Winter* factors.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Preliminary Injunction (Doc. 12). The Court will set a case management conference by separate Order.

Dated this 2nd day of March, 2023.

Honorable John J. Tuchi
United States District Judge

---

[3] In its Response, the District also argued that the *Younger* and *Pullman* abstention doctrines applied because Plaintiff's appeal of the Injunction was ongoing at the time the parties briefed Plaintiff's Motion. (*See* Resp. at 7–9.) The Maricopa County Superior Court has since affirmed the Justice Court's order imposing the Injunction. (Doc. 21-1.)