Georgia A. Staton, Bar #004863
Ravi V. Patel, Bar #030184
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1752
Fax: (602) 200-7854
gstaton@jshfirm.com
rpatel@jshfirm.com

Attorneys for Defendants Litchfield
Elementary School District Number 79

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| August Jeremy Hoenack, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Litchfield Elementary School District Number 79, a political subdivision of the State of) Arizona,<br><br>　　　　　　　　　　　　Defendants. | No. 2:22-cv-01903-JJT<br><br>**Response to Plaintiff's Motion for Summary Judgment** |

The Court should deny Plaintiff's Motion for Summary Judgment because (1) there is no private right of action for damages for an Open Meeting Law complaint, (2) Plaintiff's claims regarding events prior to August 15, 2021 are barred by the 1-year statute of limitations (A.R.S. §12-821); and (3) Plaintiff's allegations fail to establish a violation of the open meeting law. Plaintiff's Motion for Summary Judgment is premature, insofar as it does not seek a ruling as to the merits of his open meeting law claim, but is only seeking a ruling as to whether Plaintiff has a private right of action. Discovery is still ongoing in this case, and Defendant anticipates filing a dispositive motion at following the close of discovery as set forth in the scheduling order.

**I.　THE OPEN MEETING LAW DOES NOT ALLOW A PRIVATE RIGHT OF ACTION FOR DAMAGES**

　　　　Arizona's Open Meeting Law ("OML") requires public bodies to conduct meetings publicly so "all persons so desiring shall be permitted to attend and listen to the

11892183.1

deliberations and proceedings" and "legal action of public bodies [occurs only] during a public meeting." *Puente v. Arizona State Legislature*, 254 Ariz. 265, ¶ 1, 521 P.3d 1007, 1009 (2022) (citing A.R.S. §§ 38-431(6), 38-431.01(A)). Arizona's Open Meeting Law's requires that the public receive notice of meetings that include the dates and times of meetings and an agenda listing the items to be discussed, considered or decided at the meeting. A.R.S. §38-431.02(H).  Meetings of the pubic body must be open to the public (when not in executive session).  A.R.S. §38-431.01(A); A.R.S. §38-431.03 (executive sessions). Minutes and/or recordings of the meetings must be kept.  A.R.S. §38-431.01(B) & (C).  A properly noticed meeting at which a public body takes action on properly noticed agenda items complies with the OML.  A.R.S. § 38-431.09.

The Open Meeting Law only allows an individual to bring suit "for the purpose of requiring compliance with, or the prevention of violations of, [the Open Meeting Law], by the public body as a whole, or to determine the applicability of [the Open Meeting Law] to matters or legal actions of the public body."  A.R.S. §38-431.07(A).  It does not allow an individual to sue for damages or civil penalties.  Only the Attorney General may to request a court to assess a civil penalty against individuals who knowingly violate the Open Meeting Law.  Id.   Such a lawsuit may only be brought "***against an individual member of a public body for a knowing violation of this article***,"  "[I]n such a suit the court may impose a civil penalty..."  Id.   "The civil penalties awarded pursuant to this section shall be deposited into the general fund of the public body concerned."  Id.  In this case, there are no individual defendants, and, any civil penalties would be required to be placed in the general fund of LESD, making am award of a monetary penalty against LESD an absurdity.

Because Plaintiff's lawsuit is brought by an individual plaintiff, and not the Attorney General's Office, Plaintiff has no private right of action for damages.[1] Defendants' statement in the Notice of Removal that Plaintiff's Open Meeting Law claims

---

[1] A.R.S. §38-431.07(A) does allow an individual to seek "reasonable attorney's fees," this relief does not apply in this case.   Plaintiff is not represented by counsel and so is not entitled to an award of attorney's fees.

2

arise out the same factual allegations as his First Amendment Claims did not concede that any of Plaintiff's claims were viable.  Plaintiff's argument that the removal somehow constitutes a concession that his Open Meeting Law claim is a viable cause of action for damages, simply misses the mark.

And, while Plaintiff can seek a declaration that certain acts violated the Open Meeting Law, for the reasons set forth below, Plaintiff has not met his burden of showing that he is entitled to such relief.

## II.   CLAIMS ARISING PRIOR TO AUGUST 15, 2021 ARE BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS.

Plaintiff's claims relating to the March 3, 2021, April 13, 2021, April 27, 2021, May 11, 2021, and August 10, 2021 Board Meetings are barred by the one-year statute of limitations.  A.R.S. §12-821.  Plaintiff's complaint was filed on August 15, 2022 [Doc. 1-4; Plaintiff's Statement of Facts ("PSOF") ¶3], but any claims arising from the events of these Board meetings accrued prior to August 15, 2021. Thus, these claims are time-barred.

## III.   PLAINTIFF HAS NOT ALLEGED ACTS SUPPORTING AN OPEN MEETING LAW VIOLATION

A motion for summary judgment must be supported by evidence admissible at trial. FRCP 56(e).  Plaintiff's motion appears to address only whether there is a private right of action to pursue an Open Meeting Law complaint, and not the merits of his claim. As set forth above, Plaintiff does not have a private right of action for damages.   Nor has he adduced any evidence showing that a violation of the Open Meeting Law occurred.

As explained above, no provision of the Open Meeting Law allows a board member to speak without restriction.  To the contrary, the Open Meeting Law restricts a board member to speaking only on agendized items, so that the public has notice of the topics being addressed at each meeting.   Plaintiff does not assert that the LESD Board members discussed matters outside of the agendized items.   His claim is that the agenda

11892183.1

was unduly restrictive and that he was not allowed to say everything he wanted to. [See Doc. 1-4 at ¶¶202-222].[2]

Plaintiff bases the allegations in his complaint on two provisions of the Open Meeting Law, which he claims were violated. The requirements of A.R.S. §38-431.01 are summarized below:

    A.    All meetings of the public body shall be public meetings [and] [a] all legal action of public bodies shall occur during a public meeting.

    B.    All public bodies shall provide for the taking of written minutes or a recording of all their meetings.

    C.    Minutes of executive sessions be kept.

    D.    Minutes or a recording of each meeting shall be available for public inspection within 3 days after the meeting, and the public bodies of certain towns or cities will must post the minutes or a recording on their website, and retain the posting on their website for at least 1 year.

    E.    Any person may record any part of a public meeting.

    F.    Various entities must post open meeting laws materials prepared and approved by the attorney general on their website, and reviewed by appointed or elected members of public bodies before they take office.

    G.    A public body may make an open call to the public. At the end of the call to the public, individual members may respond to criticism, ask staff to review the matter, or ask that a matter be placed on a future agenda, but they cannot discuss or take legal action on a matter raised unless that matter is properly noticed for discussion and legal action.

    H.    A member of the body may not knowingly direct staff to communicate in violation of the article.

A.R.S. §38-431.01.

A.R.S. §38-431.02(H) states only that "[a]gendas required under this section shall list the specific matters to be discussed, considered or decided at the meeting. The public body may discuss, consider or make decisions only on matters listed on the agenda and other matters related thereto." A.R.S. §38-431.02(H).

---

[2] Plaintiff's Motion itself is representative of the issues that the LESD Board faced. Much of Plaintiff's motion is a diatribe discussing matters which are not germane to the sole issue raised in his motion. See, e.g., Doc. 47 at 3-4 (alleging that the removal was for an improper purpose, containing immaterial allegations (1) that the District "has a long consistent history of deceit and malevolence", (2) unrelated school transportation issues and (3) questioning the District's A+ rating. )

In his complaint, Plaintiff alleges Open Meeting Law violations occurred during seven Board Meetings, and that the action of Board Member Moran in filing a police report, and the testimony of three board members as witnesses in injunction against harassment proceedings before the Hassayampa Justice Court. [Doc. 1-4 at ¶¶202-222]. None of the allegations reflect a violation of the listed provisions of the Open Meeting Law. All of the Board meetings in question were properly noticed and livestreamed on Youtube, and remain available online. [DASF ¶1]. And the proceedings before the Hasasyampa Justice Court was not a legal action by the Board, they were a judicial action by the Justice Court. See A.R.S. §38-431(3) ("'Legal action' means a collective decision, commitment or promise *made by a public body* pursuant to the constitution, the public body's charter, bylaws or specified scope of appointment and the laws of this state.")

## IV.  CONCLUSION

Plaintiff's Motion for Summary Judgment should be denied because Arizona Open Meeting Law does not allow for a private right of action for damages, and because Plaintiff's allegations do not arise to a violation of the Open Meeting Law. In addition, any claims arising from meetings prior to August 15, 2021 are barred by the 1 year statute of limitations.

DATED this 24th day of July, 2023.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ Ravi V. Patel*
  Georgia A. Staton
  Ravi V. Patel
  40 N. Central Avenue, Suite 2700
  Phoenix, Arizona 85004
  Attorneys for Defendants Litchfield
  Elementary School District Number 79

11892183.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/ Lisa Drapeau

11892183.1